**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30365 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00211-BLW |
| v. | |
| SIDNEY DAVIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Sidney Davis appeals from the district court's judgment and challenges the

30-month sentence imposed following his guilty-plea conviction for aiding and

abetting a Lacey Act violation, in violation of 16 U.S.C. §§ 3372(a)(2)(A) and

3373(d)(1)(B); and 18 U.S.C. § 2; and for making a false declaration in a

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

bankruptcy proceeding, in violation of 18 U.S.C. § 152(3). We dismiss.

Davis contends that the district court procedurally erred at sentencing and imposed a substantively unreasonable sentence. The government argues that the appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

Under the terms of Davis's plea agreement, Davis waived the right to appeal his sentence unless certain conditions were met. None of those conditions were met here. Nonetheless, Davis argues that the waiver is unenforceable because his counsel was ineffective. We decline to review Davis's ineffective assistance of counsel claims on direct appeal because this is not one of the "unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). We therefore do not preclude the possibility that Davis might raise an ineffective assistance of counsel claim in collateral proceedings, *see id*. at 1260, as contemplated in his plea agreement.

Davis's motion to file a supplement to his reply brief is **DENIED.**

**DISMISSED.**

11-30365