**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10496 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 4:10-cr-03724-RCC |
| JUAN GABRIEL TORRES-VERDUZCO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Ancer L. Haggerty, District Judge, Presiding[**]

Submitted October 15, 2013[***]

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

Juan Gabriel Torres-Verduzco appeals from the district court's judgment and challenges the 64-month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ancer L. Haggerty, Senior United States District Judge for the District of Oregon, sitting by designation.

[***] The panel unanimously concludes this case is suitable for decision without oral argument; therefore, Torres-Verduzco's request for oral argument is denied. *See* Fed. R. App. P. 34(a)(2).

Torres-Verduzco contends that the district court failed to consider the 18 U.S.C. § 3553(a) factors other than the Guidelines and failed to explain the reasons for the sentence imposed. We review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). We need not decide whether the district court erred because Torres-Verduzco has not demonstrated a reasonable likelihood that his sentence, which was thirteen months below the advisory Guidelines range calculated prior to the court's departure, would have been different absent the alleged errors. *See United States v. Waknine*, 543 F.3d 546, 553 (9th Cir. 2008).

Torres-Verduzco also contends that his sentence is substantively unreasonable. We generally do not consider arguments raised for the first time in a reply brief, *see United States v. Mejia-Pimental,* 477 F.3d 1100, 1105 n.9 (9th Cir. 2007), but the record makes clear, in any event, that the 64-month sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including Torres-Verduzco's criminal and immigration history. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Torres-Verduzco also argues that he received ineffective assistance of counsel at sentencing. We decline to reach this claim on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

**AFFIRMED.**

11-10496