FILED

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10671 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00081-HDM |
| v. | |
| PEDRO ZAMORA-OCHOA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Pedro Zamora-Ochoa appeals from the district court's judgment and

challenges his guilty-plea conviction and 120-month sentence for distribution of a

controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Zamora-Ochoa's counsel

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Zamora-Ochoa the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Zamora-Ochoa has waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). We accordingly dismiss the appeal. *See id*. at 988.

Appellate counsel argues that trial counsel was ineffective because he stipulated that Zamora-Ochoa's possession of a firearm rendered him ineligible for safety valve relief, but the record reflects the parties' understanding that the gun belonged to Zamora-Ochoa's co-defendant. This claim is not precluded by the appeal waiver, but its resolution requires further development of the record and we, therefore, decline to order it briefed on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). Zamora-Ochoa may, however, raise the claim in collateral proceedings through a 28 U.S.C. § 2255 motion. *See id*. at 1260.

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED.**