**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30070 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00144-RAJ-1 |
| v. | |
| ALEXANDER KOSNICKI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted May 16, 2014[**]
Seattle, Washington

Before: O'SCANNLAIN, KLEINFELD, and BERZON, Circuit Judges.


Alexander Kosnicki appeals the district court's denial of his motion to

withdraw his guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion in determining that Kosnicki failed to demonstrate a "fair and just reason" for withdrawal of his guilty plea. See Fed. R. Crim. P. 11(d)(2)(B); United States v. Mayweather, 634 F.3d 498, 504 (9th Cir. 2010). Kosnicki knew of the alleged threats by the confidential informant before his guilty plea, even if he did not know of the recordings, and he does not explain how development of such threats could have made any particular defense plausible. He also does not explain whether he informed counsel of the threats before his plea. Further, the existence of recordings was disclosed in discovery, and the recordings did not provide evidence that the confidential informant made threats.

We decline to review Kosnicki's ineffective assistance of counsel claim on direct appeal. This is not one of the "unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." See United States v. Rahman, 642 F.3d 1257, 1259–60 (9th Cir. 2011). We therefore leave open the possibility that Kosnicki might raise an ineffective assistance of counsel claim in collateral proceedings. See id. at 1260.

**AFFIRMED.**