
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10316 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00731-SRB |
| v. | |
| JUAN FRANCISCO TORRECILLAS-TORRES, a.k.a. Kiko, a.k.a. Francisco Torrecillas-Torres, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted June 25, 2014**

Before:      HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Juan Francisco Torrecillas-Torres appeals from the district court's judgment

and challenges his guilty-plea conviction and 120-month sentence for conspiracy

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Torrecillas-Torres's request
for oral argument is denied.

to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Torrecillas-Torres's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Torrecillas-Torres has filed a pro se supplemental brief. No answering brief has been filed.

Torrecillas-Torres has waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). We accordingly dismiss the appeal. *See id.* at 988.

Torrecillas-Torres's contention that the appeal waiver is unenforceable is unpersuasive. We decline to consider Torrecillas-Torres's claim of ineffective assistance of trial counsel because the record is insufficiently developed to evaluate that claim on direct appeal, and Torrecillas-Torres's legal representation was not so inadequate as to obviously deny his right to counsel. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED.**