**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50116 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00068-VAP-11 Central District of California, Los Angeles |
| v. | |
| JONATHAN MICHAEL SUDDUTH, AKA Trent, | **AMENDED** MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50451 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00706-VAP-1 Central District of California, Los Angeles |
| v. | |
| RYAN HAWTHORNE, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50452 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00068-VAP-6 Central District of California, Los Angeles |
| v. | |
| RYAN HAWTHORNE, AKA Pic, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted November 19, 2014[**]
Pasadena, California

Before: W. FLETCHER and BYBEE, Circuit Judges, and SINGLETON, Senior District Judge.[***]

In connection with his participation on a child pornography message board, Jonathan Sudduth pled guilty to conspiracy to advertise child pornography. As part of his plea agreement, Sudduth expressly waived his right to appeal his conviction and the calculation and terms of his sentence. Because Sudduth does not contest that his appellate waiver was knowingly and voluntarily made, the waiver bars Sudduth's appeal of the district court's denial of his motions to withdraw his plea and to substitute counsel, and it bars his appeal of the calculation and reasonableness of his 22-year sentence. *See United States v. Harris*, 628 F.3d

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

2

1203, 1205 (9th Cir. 2011); *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).

Sudduth also frames in constitutional terms challenges to his sentence on disparity grounds and to the breadth of the supervised release conditions. While this Court has jurisdiction to consider claims of constitutional error notwithstanding the existence of an appellate waiver, *United States v. Odachyan*, 749 F.3d 798, 801 (9th Cir. 2014), the district court did not err here. The district court had good reasons to treat Sudduth differently from other participants in the crimes. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009). Sudduth possessed approximately 7,000 images, some of which involved sadistic overtones, and admitted that he had sexually abused two minor children. Moreover, Sudduth did not provide useful information regarding other victims or targets and eventually stopped cooperating with the government. Accordingly, we dismiss Sudduth's appeal.

Sudduth's co-defendant, Ryan Hawthorne, appeals the district court's contribution order. Because Hawthorne did not object to the contribution order in the proceedings below, his claim is reviewed for plain error. *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1162 (9th Cir. 2010). Accordingly, Hawthorne must show error that is plain and affects his substantial rights. *United States v.*

*Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011). Should he make such a showing, we may then grant relief only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Fu Sheng Kuo*, 620 F.3d at 1164 (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)) (internal quotation marks omitted).

Here, the district court did not plainly err in concluding that Hawthorne did not have a constitutional right to a government-paid additional counsel for the purpose of obtaining a second opinion regarding the validity of his guilty plea. And even if that finding was incorrect, a matter we do not decide, it did not affect Hawthorne's "substantial rights." *See Pelisamen*, 641 F.3d at 405-06. In this case, 1) the district court appointed substitute advisory counsel; 2) the motion to withdraw his guilty plea was made, heard, and denied; and 3) Hawthorne did not appeal the denial of his motion to withdraw his plea. *See id*.

**Sudduth's appeal, filed under Docket No. 12-50116, is DISMISSED. Hawthorne's contribution order, appealed under Docket Nos. 12-50451 and 12-50452, is AFFIRMED.**