Paul Allen Barr, Assistant Federal Public Defender, Kristi A. Hughes, Sarah Rose Weinman, Federal Defenders of San Diego, San Diego, CA, for Defendant-Appellant.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jacqueline Mosti appeals from the district court's judgment and challenges the 60–month sentence imposed following her guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mosti contends that the district court erred in denying her request for a minor role adjustment under U.S.S.G. § 3B1.2(b) by applying the wrong burden of proof, misapplying the Guideline, and relying on improper considerations. We review the district court's interpretation of the Guidelines de novo, its application of the Guidelines to the facts of the case for abuse of discretion, and its factual determination that a defendant is not a minor participant for clear error. *See United States v. Rodriguez–Castro,* 641 F.3d 1189, 1192 (9th Cir.2011). The record reflects that the district court understood and applied the correct legal standard and applicable burden of proof, properly considered the totality of the circumstances, and did not rely on improper factors in denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n. 3(A), (C); *United States v. Gadson,* 763 F.3d 1189, 1223 (9th Cir.2014). The record further supports the court's conclusion that Mosti failed to carry her burden of establishing that she was entitled to the adjustment. *See Rodriguez–Castro,* 641 F.3d at 1193.

**AFFIRMED.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Eduvigues Rodriguez DIAZ, a.k.a. Jesus Martinez Diaz, a.k.a. Jesus Manuel Rodriguez Diaz, a.k.a. Jose Rodriguez, a.k.a. Fernando Quinones Silva, Defendant–Appellant.**

No. 14–50159.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2015.*

Filed March 16, 2015.

Jean–Claude Andre, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Jennifer L. Waier, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Ashwini Shrikrishna Mate, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jose Eduvigues Rodriguez Diaz appeals from the district court's judgment and challenges his guilty-plea conviction and 30–month sentence for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Rodriguez Diaz's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Rodriguez Diaz has filed a pro se supplemental brief. The government has filed an answering brief.

Rodriguez Diaz waived his right to appeal his conviction, with the exception of an appeal based on a claim that his guilty plea was involuntary. He also waived the right to appeal his sentence, with the exception of the court's calculation of his criminal history category. Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief as to the voluntariness of Rodriguez Diaz's plea or the crimi-

nal history .category calculated by the court. We therefore affirm as to those issues. We dismiss the remainder of the appeal in light of the valid appeal waiver. *See United States v. Watson,* 582 F.3d 974, 988 (9th Cir.2009).

We decline to review Rodriguez Diaz's pro se ineffective assistance of counsel claim on direct appeal because this is not one of the "unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Rahman,* 642 F.3d 1257, 1260 (9th Cir.2011).

Counsel's motion to withdraw is **GRANTED.**

Rodriguez Diaz's motion for appointment of new counsel is **DENIED.**

**AFFIRMED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.