**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10663 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00616-KJD-GWF-1 |
| v. | |
| DANIEL PHILLIP SPENCER, AKA Daniel P. Laquerre, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 12, 2015**
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Defendant/Appellant Daniel Spencer pleaded guilty to two counts of mail

fraud in connection with a mortgage fraud scheme. The plea agreement contained

a broad waiver of appellate rights, permitting him to appeal only if the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court imposed a sentence in excess of the applicable Guidelines range. After the plea hearing, but before sentencing, Spencer moved to withdraw his guilty plea, and the district court denied the motion. Spencer now appeals.

Spencer's waiver of all appellate rights encompasses the right to appeal the district court's denial of his motion to withdraw his guilty plea. *See United States v. Jeronimo*, 398 F.3d 1149, 1153–54 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947 (9th Cir. 2007) (en banc). Spencer's arguments that the appeal waiver is unenforceable because his guilty plea was not knowing and voluntary are without merit.

First, even if the Government's reminder during the plea colloquy that Spencer's statements were subject to the "penalties of perjury" could be construed as a threat, *see Machibroda v. United States*, 368 U.S. 487, 493 (1962), the record belies the contention that the statement had any effect on Spencer's intent to plead guilty. Spencer confirmed for the district court that he intended to plead guilty and admitted to the facts underlying the charges against him before the Government mentioned perjury.

Second, Spencer argues that he did not understand that the Government would pursue a two-level enhancement for playing a leadership role in the offense. *See* U.S. Sentencing Guidelines Manual § 3B1.1(c) (2013). To the contrary,

Spencer signed a plea agreement in which the parties stipulated that Spencer's offense level would include this enhancement, and Spencer admitted on the record that he reviewed the agreement with his attorney. Spencer therefore cannot show that he was not "fully aware of the direct consequences of his plea." *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988) (emphasis omitted) (internal quotation marks omitted).

Third, Spencer argues that his attorney rendered ineffective assistance at the plea bargaining stage. However, the record is not sufficiently developed to permit us to consider Spencer's ineffective assistance argument on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (noting that this Court reviews ineffective assistance claims on direct appeal only where the record is sufficiently developed or inadequate representation is obvious).

Because the district court did not err in finding Spencer's guilty plea knowing and voluntary, the appeal waiver is enforceable. *See id.*

**DISMISSED.**

3