**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10553 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00860-LEK-5 |
| v. | |
| ROBIN M. LEE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted August 3, 2015[**]

Before:      HUG, FARRIS, and CANBY, Circuit Judges.

Robin Lee appeals from the district court's judgment and challenges the

order of restitution, conviction, and 105-month sentence for conspiracy to

participate in the affairs of an enterprise through a pattern of racketeering activity,

in violation of 18 U.S.C. § 1962(d). Pursuant to *Anders v. California,* 386 U.S.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

738 (1967), Lee's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Lee has filed a pro se supplemental brief, and the appellee has filed an answering brief.

Lee waived his right to appeal his conviction. He also waived the right to appeal his sentence, with the exception of his right to challenge the amount of restitution. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief on direct appeal as to the amount of restitution ordered by the district court. *See* 18 U.S.C. § 3663(a)(3); *United States v. Napier*, 463 F.3d 1040, 1046 (9th Cir. 2006). We therefore affirm as to that issue. We dismiss the remainder of the appeal in light of the valid appeal waiver. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

We decline to review Lee's ineffective assistance of counsel claims on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1260 (9th Cir. 2011) (recognizing that we generally do not review claims of ineffective assistance of counsel on direct appeal). We leave open the possibility that Lee might raise an ineffective assistance of counsel claim in collateral proceedings. *See id.*

Counsel's motion to withdraw as counsel is **GRANTED**.

**AFFIRMED** in part; **DISMISSED** in part.