**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30061 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00019-TMB-1 |
| v. | |
| CLARITZA NATERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 11, 2015
Anchorage, Alaska

Before: SCHROEDER, RAWLINSON, and MURGUIA, Circuit Judges.

Claritza Natera pled guilty to one count of conspiracy to commit

international money laundering, in violation of 18 U.S.C. § 1956(a)(2)(B)(h).

Natera appeals, challenging the district court's imposition of a forfeiture money

judgment against her in the amount of $239,990, representing the aggregate sum of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

money that Natera and her co-conspirators laundered during the conspiracy. In Natera's plea agreement, she "waive[d] without exception the right to appeal . . . the sentence the Court imposes . . . including forfeiture." We have jurisdiction to determine whether the waiver is enforceable. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). We conclude that it is, and dismiss the appeal.

An appeal waiver "is enforceable if (1) the language of the waiver encompasses the right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (internal quotation marks omitted). Here, both criteria are met. First, Natera's appeal waiver expressly encompasses forfeiture. Second, Natera's counsel conceded in the briefing and during oral argument that Natera's appeal waiver "was knowing and voluntary." Our review of the record leaves no doubt on that score. Natera was represented by counsel when she entered into the plea agreement, which unambiguously states that Natera waived the right to appeal her sentence, including any forfeiture ordered by the court. The district court conducted a thorough Rule 11 plea colloquy to ensure Natera's plea was knowing and voluntary, explaining that by entering the plea agreement and pleading guilty, Natera was waiving her right to appeal any sentence imposed so long as it

2

complied with the terms of the plea agreement. Natera acknowledged that she understood. The district court also discussed at length the parties' agreement regarding criminal forfeiture. The district court explained that although Natera "agree[d] to forfeit approximately $35,000," the "government [would be] free to argue that . . . it's actually a higher number." Natera again affirmed she understood. Based on the record, and counsel's concessions, we find that "the waiver was knowingly and voluntarily made given the circumstances surrounding the agreement." *United States v. Watson*, 582 F.3d 974, 978 (9th Cir. 2009).

We reject Natera's argument that her appeal waiver is not enforceable because the district court's forfeiture order amounts to an "illegal sentence." After making a factual finding that Natera could have reasonably foreseen the money laundering activities of her co-conspirators, the district court entered a $239,990 money judgment against Natera. The district court's oral pronouncement of sentence specified that Natera would be jointly and severally liable for this amount with her the other co-conspirators who were convicted of the conspiracy count. Natera fails to cite any authority supporting her contention that the forfeiture order was contrary to law. *See* 18 U.S.C. § 982(a)(1) ("The court, in imposing sentence on a person convicted of an offense in violation of section 1956 [Laundering of monetary instruments], . . . *shall order* that the person forfeit . . . any property . . .

3

involved in such offense . . . .") (emphasis added); *United States v. Newman*, 659 F.3d 1235, 1244 (9th Cir. 2011) (explaining that when a defendant commits a conspiracy offense, the "proceeds" subject to forfeiture "equal the total [proceeds generated] . . . by the conspiracy as a whole").

We therefore **DISMISS** the appeal, but direct the district court to amend the written judgment to reflect that: (1) Natera is jointly and severally liable for the amount of forfeiture; and (2) the forfeiture judgment is offset by the $55,720 seized and forfeited in the Philadelphia airport. *See* Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").