**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30106 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00257-MO |
| v. | |
| RYAN FRANK BONNEAU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Ryan Frank Bonneau appeals from the district court's judgment and

challenges his guilty-plea conviction and 24-month sentence for conspiracy to

possess and distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1)

and 846.  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Bonneau's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Bonneau filed a pro se supplemental opening brief and also submitted a reply brief on December 7, 2015, which we direct the Clerk to file. No answering brief has been filed.

Bonneau waived his right to appeal his conviction and sentence, with three exceptions not applicable here. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). We accordingly dismiss the appeal. *See id.* at 988.

To the extent that Bonneau's pro se arguments fall outside the scope of the waiver, we reject them. Contrary to his contention, the district court properly denied his motion under Federal Rule of Criminal Procedure 36 because there was no error in the judgment, which is consistent with the sentence to which the parties agreed in the plea agreement. We decline to address Bonneau's claim of ineffective assistance of counsel on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

Bonneau's motion to expedite is denied as moot.

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**