**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

             Plaintiff-Appellee,

    v.

JON DECANO, a.k.a. Jon Darren
Maglangit,

             Defendant-Appellant.

No. 15-10456

D.C. No. 1:14-cr-00469-HG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

    Jon Decano appeals from the district court's judgment and challenges the

140-month sentence imposed following his guilty-plea conviction for conspiracy to

distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A),

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 846.  We dismiss.

The government contends that this appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal.  *See United States v. Harris,* 628 F.3d 1203, 1205 (9th Cir. 2011).  The terms of the appeal waiver in Decano's plea agreement unambiguously encompass this appeal of his below-Guidelines sentence.  *See id*. at 1205-06.  Decano's arguments that the waiver is unenforceable because his sentence is illegal are without merit.  First, the district court did not have to apply U.S.S.G. § 1B1.10 in considering the government's motion for a downward departure because that Guideline provision is not implicated here.  *See Dillon v. United States*, 560 U.S. 817, 819 (2010) (section 1B1.10 governs 18 U.S.C. § 3582(c)(2) sentence modification proceedings).  Second, Decano's claim that he received no benefit in exchange for his guilty plea is belied by the record.  Finally, we decline to consider Decano's claim that he received ineffective assistance of counsel on direct appeal.  *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

**DISMISSED.**

15-10456