**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-10612 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00362-GMS |
| v. | |
| JUAN JESUS ARCILA-VILLALPANDO, a.k.a. Juan Jesus Arcila-Villalp, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Juan Jesus Arcila-Villalpando appeals from the district court's judgment and

challenges the 33-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We dismiss.

Arcila-Villalpando challenges the district court's imposition of a 16-level increase to his offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The government contends that this appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011). The terms of the appeal waiver in Arcila-Villalpando's plea agreement unambiguously encompass this sentencing appeal. *See id.* at 1205-06. Contrary to Arcila-Villalpando's contention, there was no implied agreement between the parties that the district court would not make legal errors in applying the Guidelines. Instead, the agreement explicitly left it to the court to determine the appropriate guideline adjustment, and Arcila-Villalpando waived the right to challenge "any aspect" of the resulting sentence, including the manner in which it was determined. Accordingly, we dismiss pursuant to the valid waiver. *See id.* at 1207.

We decline to consider on direct appeal Arcila-Villalpando's claim that counsel was ineffective for failing to challenge the district court's characterization of his predicate Colorado burglary conviction. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

**DISMISSED.**