FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

SEP 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10281 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00301-HDM-VCF-1 |
| v. | |
| BRIAN MICHAEL BREWER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted September 19, 2017[**]

Before: HUG, FARRIS, and CANBY, Circuit Judges.

Brian Michael Brewer appeals from the district court's judgment and

challenges his guilty-plea conviction and 210-month sentence for receipt of child

pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b). Pursuant to *Anders*

*v. California*, 386 U.S. 738 (1967), Brewer's counsel has filed a brief stating that

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

there are no grounds for relief, along with a motion to withdraw as counsel. Brewer has filed a pro se supplemental brief. No answering brief has been filed.

With the exception of ineffective assistance of counsel claims, Brewer waived his right to appeal his conviction and 210-month sentence. We decline to review Brewer's ineffective assistance of counsel claims on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011) (holding that we review ineffective assistance of counsel claims on direct appeal only in the unusual cases where the record is sufficiently developed or the legal representation is so obviously inadequate that it denies a defendant his Sixth Amendment right to counsel).

The waiver of the right to appeal the restitution order is not enforceable because, at the time Brewer waived the right to appeal the restitution order, he did not receive a reasonably accurate estimate of the amount of restitution the court would order him to pay. *See United States v. Lo*, 839 F.3d 777, 785 (9th Cir. 2016); *United States v. Tsosie*, 639 F.3d 1213, 1217-18 (9th Cir. 2011). We affirm the restitution order.

We dismiss the remainder of the appeal in light of the appeal waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).

Counsel's motion to withdraw is **GRANTED**.

**AFFIRMED** in part; **DISMISSED** in part.