**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

NAJEEB RAHMAN,
        *Defendant-Appellant.*

No. 10-10293

D.C. No.
2:08-cr-00126-RLH-
PAL-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted May 13, 2011*
San Francisco, California

Filed July 5, 2011

Before: Diarmuid F. O'Scannlain and Ronald M. Gould,
Circuit Judges, and Amy J. St. Eve, District Judge.**

Opinion by Judge O'Scannlain

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Amy J. St. Eve, United States District Judge for the Northern District of Illinois, sitting by designation.

## COUNSEL

Kirk T. Kennedy, Las Vegas, Nevada, filed the brief for the defendant-appellant.

Peter S. Levitt, Assistant United States Attorney, Las Vegas, Nevada, filed the brief for the United States. Daniel G. Bogden, United States Attorney for the District of Nevada, and Robert L. Ellman, Appellate Chief of the United States Attorney's Office for the District of Nevada, were also on the brief.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether a criminal defendant's waiver of his right to appeal his conviction extends to the denial of his subsequent motion to withdraw his guilty plea.

I

Najeeb Rahman pled guilty to aggravated identity theft and to committing fraudulent transactions with access devices, in violation of 18 U.S.C. §§ 1028A and 1029(a)(5), respectively. In a written plea agreement, Rahman waived "his right to appeal any aspect of his convictions."

Before accepting Rahman's guilty plea, the district court conducted a hearing under Federal Rule of Criminal Proce-

dure 11 in which it confirmed that Rahman was of sound mind, explained to Rahman the charges against him and the rights that he was giving up by pleading guilty, and determined that there was a factual basis for the plea. Rahman specifically affirmed that he had read and understood the plea agreement, that he was satisfied with his counsel's representation, and that he understood that he was waiving his right to appeal.

Subsequently, Rahman moved to withdraw that plea and to obtain new counsel, citing a "rift" and "overall communications difficulties" between himself and his counsel. Rahman also claimed that his attorney "misinformed" and "misguided" him. Rahman did not elaborate on these allegations, however. The district court granted Rahman's motion to appoint new counsel and, after allowing Rahman's new counsel to file a supplemental brief, held a hearing on Rahman's motion to withdraw his guilty plea.

Rahman did not call any witnesses at the hearing. Instead, his counsel relied on Rahman's pro se filings which "alluded to" the fact that Rahman was "misled" and "misguided" by his former counsel. Still, Rahman's new counsel admitted that he did not "know exactly what it was that transpired" in the talks between Rahman and his former counsel. He further stated that he was "not sure of what representations or promises were made during conversations [between Rahman and his prior counsel] that caused him to plead guilty."

The district court denied Rahman's motion to withdraw his plea, noting that Rahman made no showing of ineffective assistance and, in fact, spent most of his motion complaining about prison conditions. This timely appeal ensued.

II

Rahman claims that the district court erred in denying his motion to withdraw his guilty plea. The government counters

that Rahman waived the right to bring this appeal. "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). Because Rahman's appellate waiver meets both of these conditions, his waiver is effective.

A

**[1]** We have consistently read general waivers of the right to appeal to cover all appeals, even an appeal from the denial of a motion to withdraw a guilty plea. For instance, in *United States v. Michlin*, each defendant pled guilty under a plea agreement which included a waiver of "his right to appeal his conviction." 34 F.3d 896, 898 (9th Cir. 1994). The defendants later moved to withdraw their guilty pleas, a motion the district court denied. *Id.* at 897. We dismissed the defendants' subsequent appeal as waived, determining that their appellate waiver covered an appeal from the denial of a request to withdraw their guilty pleas. *See id.* Similarly, in *United States v. Jeronimo*, the defendant waived "any and all rights to appeal," but subsequently appealed the denial of his motion to withdraw his guilty plea. 398 F.3d at 1154. We dismissed the appeal as waived, reasoning that, "while Jeronimo's plea agreement does not specifically contemplate the possibility of an appeal based on the district court's denial of a motion to withdraw [his guilty plea], its broad language clearly bars him from bringing this appeal." *Id.*

**[2]** There is admittedly some tension between the *Michlin* and *Jeronimo*, on the one hand, and *United States v. Nguyen*, 235 F.3d 1179 (9th Cir. 2000), on the other. Nguyen, like Rahman, pled guilty, waived his right to appeal, moved to withdraw his guilty plea, and then appealed the district court's denial of that motion. But rather than dismissing the appeal as waived, we determined, in one paragraph, that "[t]he district court did not abuse its discretion" in denying Nguyen's

motion to withdraw his plea. *Id.* at 1182. To the extent that the discussion of the merits of Nguyen's motion to withdraw implied that general appellate waivers do not cover appeals from withdrawal of plea motions, such implicit dicta has been abrogated by subsequent Ninth Circuit cases which explicitly held to the contrary. *See, e.g.*, *Jeronimo*, 398 F.3d at 1154.

**[3]** Here, Rahman waived "his right to appeal any aspect of his convictions." Because an appeal from the denial of his motion to withdraw his plea is an appeal from his convictions, Rahman's appellate waiver extends to this appeal.

B

Notwithstanding that his waiver of appeal extends to the denial of withdrawal of his guilty plea, Rahman further claims that his waiver was not made knowingly and voluntarily because of ineffective assistance of counsel. "[A]s a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." *Jeronimo*, 398 F.3d at 1155. We have permitted ineffective assistance claims to be reviewed on direct appeal only in the unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel. *Id.* at 1156 (citing *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004)).

**[4]** Neither exception applies here. The record contains no evidence of ineffective assistance of counsel. In fact, Rahman's new attorney admitted to the district court that he did not "know exactly what it was that transpired" in the talks between Rahman and his former attorney, and that he was "not sure" what misrepresentations Rahman's former attorney might have made in order to induce Rahman to plead guilty. And, despite claiming that he was "misinformed" and "misguided" by his prior counsel, Rahman has not provided any specifics.

**[5]** Accordingly, we cannot now conclude that Rahman's waiver of his right to appeal was made involuntarily. *See id.* at 1156. "Further, 'we will not remand a case from direct appeal for fact-finding related to an ineffective assistance of counsel claim, but allow a defendant to pursue the issue in district court collateral proceedings.' " *Id.* (quoting *United States v. Reyes-Platero*, 224 F.3d 1112, 1117 (9th Cir. 2000)). We therefore leave open the possibility that Rahman might raise an ineffective assistance of counsel claim in a subsequent collateral attack.

## III

For the foregoing reasons, this appeal is

**DISMISSED.**