**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10559 |
| Plaintiff - Appellee, | D.C. No. 5:09-cr-00277-JW-1 |
| v. | |
| DALMACIO RAMIREZ SANTOS, AKA Dalmacio Santos Ramirez, AKA Damacio Ramirez Santos, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Argued and Submitted December 8, 2011
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and GEORGE, Senior District Judge.**

Dalmacia Ramirez Santos appeals his conviction for distribution of

methamphetamine, possession of cocaine with intent to distribute, and possession

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Lloyd D. George, Senior District Judge for the U.S. District Court for Nevada, sitting by designation.

of a firearm in furtherance of drug trafficking. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The search of Santos's truck was permissible under the "automobile exception" to the warrant requirement. United States v. Ross, 456 U.S. 798, 808-09 (1982). The record amply supports the district court's conclusion that Officer Murphy possessed probable cause to believe the vehicle contained contraband. Officer Murphy knew that Santos had just departed from a location that was the site of a drug trafficking investigation. Throughout the stop, Santos exhibited extreme nervousness. When Officer Murphy patted Santos down he felt a large bundle of cash in each of his pockets. Finally, as Officer Craig was handcuffing Santos, the truck's passenger turned and made a lunging motion in an apparent attempt to reach something in the area behind the driver's seat. Under the totality of the circumstances, Officer Murphy had probable cause to believe Santos's truck contained illegal drugs, an illegally concealed weapon, or both. Because the district court reasonably held that Officer Warner's search was a continuation of Officer Murphy's interrupted initial search, the entire search procedure was based on probable cause.

2

The district court appropriately exercised its discretion in denying a motion for a mistrial because of jury access, during deliberation, to DVDs containing footage not shown during the trial. The district court did not err because the DVDs had been admitted into evidence without objection. Any error would have been harmless because the footage -- of the time before and after several controlled buys which were shown during the trial -- was not prejudicial and "the evidence of [Santos's] guilt was otherwise overwhelming." United States v. McKenna, 327 F.3d 830, 842 (9th Cir. 2003). We decline to review Santos's ineffective assistance of counsel claim because, without a fully developed record, it is not properly before the court on direct appeal. United States v. Rahman, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

AFFIRMED.