NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MAGDALENO CERVANTES,<br><br>Defendant - Appellant. | No. 10-50312<br><br>D.C. No. 5:09-cr-00011-VAP-1<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RAUL SERRANO,<br><br>Defendant - Appellant. | No. 10-50377<br><br>D.C. No. 5:09-cr-00011-VAP-3 |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before: KLEINFELD and McKEOWN, Circuit Judges, and QUIST, Senior District Judge.[***]

Co-defendants Magdaleno Cervantes and Raul Serrano appeal the district court's denial of their motions to suppress evidence of methamphetamine. Cervantes also argues that his appeal waiver is unenforceable, and that his sentence was procedurally and substantively flawed. Serrano argues that the district court erred in concluding that he lacked standing to challenge the search of the building where methamphetamine was initially found.

I

Cervantes' appeal waiver is enforceable because "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver [was] knowingly and voluntarily made." United States v. Rahman, 642 F.3d 1257,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for Western Michigan, sitting by designation.

1259 (9th Cir. 2011) (quoting United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir.2005).

Cervantes was provided with a court-certified Spanish-speaking interpreter at both his change of plea and sentencing hearings. At his change of plea hearing, Cervantes' bilingual attorney said that he had translated the plea agreement into Spanish for Cervantes, and Cervantes acknowledged that the plea agreement was interpreted or translated into Spanish for him. The court also explained the appeal waiver to Cervantes, and Cervantes indicated that he understood that he was largely giving up his right to appeal his conviction, and his right to appeal a legal, guidelines sentence, which is what he got.

The record also indicates that Cervantes is a U.S. citizen who attended school in the United States up to twelfth grade and later went to a training school in the United States for shipping and receiving. Cervantes submitted multiple letters, which he purportedly wrote, to the court in English. Finally, Cervantes told the court that while he speaks Spanish at home, he also speaks English. Thus, the record demonstrates that Cervantes' waiver was knowing and voluntary, despite

3

the fact that he did not have a court-certified interpreter during his conversations with his lawyer about the plea agreement.

II

Serrano lacks standing to challenge the search of the building where methamphetamine was initially found. Serrano was not present at the time of the search, and never stayed overnight in the building. Serrano claims that he paid rent to Cervantes, but the district court concluded that this testimony was not credible. He lacked an objectively reasonable expectation of privacy in the building. See Smith v. Maryland, 442 U.S. 735, 740 (1979); United States. v. Silva, 247 F.3d 1051 (9th Cir. 2001).

We DISMISS Cervantes' appeal, and AFFIRM the district court's denial of Serrano's motion to suppress.