**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10165 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00354-GMN-GWF-1 |
| v. | |
| JOHN ABELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted July 9, 2015
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

John Abell appeals his jury conviction for attempted coercion and

enticement of a minor, in violation of 18 U.S.C. § 2422(b).

1. The district court did not abuse its discretion when, in response to a jury

inquiry, the court informed the jury it did not need to unanimously agree as to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

which of Abell's actions constituted a substantial step. The district court correctly interpreted our holding in *United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir. 2010), in a manner that fulfilled its "obligation, when a jury requests clarification on an issue, to clear away confusion with concrete accuracy." *United States v. McIver*, 186 F.3d 1119, 1130 (9th Cir. 1999) (quotation omitted), *overruled on other grounds as recognized by United States v. Pineda-Moreno*, 688 F.3d 1087, 1091 (9th Cir. 2012). Further, although the district court originally instructed the jury it needed to unanimously agree on a substantial step—based on jointly-stipulated jury instructions taken from an outdated version of our model instructions—Abell has failed to show prejudice. The response appropriately clarified confusion. There was no abuse of discretion.

2. The government did not commit prosecutorial misconduct during closing arguments when it argued that a number of Abell's actions, in the aggregate, could constitute a substantial step. This is not a misstatement of our law. *See United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) ("When a defendant initiates conversation with a minor, describes the sexual acts that he would like to perform on the minor, and proposes a rendezvous to perform those acts, he has crossed the line toward persuading, inducing, enticing, or coercing a minor to engage in unlawful sexual activity.").

2

3. While the district court did err in admitting certain portions of Detective Yurek's testimony, speculating as to the motivations behind plain-language emails from Abell and providing opinion testimony about legal conclusions on three occasions, *see United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007), Abell has failed to establish that the error affected his "substantial rights." *United States v. Olano*, 507 U.S. 725, 736 (1993). Abell has not alleged sufficient facts to demonstrate a reasonable probability that, but for Detective Yurek's impermissible speculation, the jury would not have convicted him. *Cf. United States v. Marcus*, 560 U.S. 258, 262 (2010). Detective Yurek testified on the basis of evidence that the jury had before it during deliberations. Moreover, the jury openly questioned Detective Yurek's testimony when the district court permitted a juror to ask, in the middle of his testimony, whether he possessed any training in psychology on which to base his speculation. The record thus demonstrates the jury was appropriately critical in evaluating the weight to be accorded his improper opinions.

4. No circuit has held any portion of 18 U.S.C. § 2422(b) unconstitutionally void for vagueness, and Abell fails to present a compelling reason convincing us to do so. Indeed, we have already outlined what behavior constitutes a substantial step for the purposes of this statute. *See Goetzke*, 494 F.3d at 1237.

3

5.  The record currently before us is insufficient to reach the merits of Abell's ineffective assistance of counsel claim. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). To the extent he may have a colorable claim, he may pursue it on petition for habeas corpus and a properly developed evidentiary record.

6.  Because we have identified only one error, there is nothing to accumulate. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002). We see no basis to conclude cumulative error deprived Abell of a fair trial.

**AFFIRMED.**