**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10523 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01492-ROS |
| v. | |
| GUY ANDREW WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10529 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01492-ROS |
| v. | |
| BRENT F. WILLIAMS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jack Zouhary, District Judge, Presiding

Argued and Submitted August 11, 2015
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KOZINSKI and TALLMAN, Circuit Judges, and PIERSOL,** Senior District Judge.

Guy Williams and his father Brent Williams (collectively "Defendants") appeal their jury convictions for conspiracy to commit mail fraud and/or wire fraud, two counts of mail fraud, thirteen counts of wire fraud, and twenty-two counts of transactional money laundering. *See* 18 U.S.C. §§ 1349, 1341, 1343, 1957(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Under our caselaw interpreting the intent element of mail fraud, the district court did not abuse its discretion by excluding evidence of post-conspiracy collection efforts of Mathon Fund's defaulted loans (or evidence that the Defendants personally attempted to collect on any defaulted loans at no cost to their victims). *See United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986) ("While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all."); *see also United States v. Treadwell*, 593 F.3d 990, 995–99 (9th Cir. 2010). Because the district court's evidentiary ruling was well within its discretion, "we reject [Defendants'] attempts to 'constitutionalize'

---

** The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

[their] claims. . . . Simply put, [Defendants] cannot transform the exclusion of this evidence into constitutional error by arguing that [they were] deprived of [their] right to present a defense." *United States v. Waters*, 627 F.3d 345, 353–54 (9th Cir. 2010) (internal quotation marks omitted).

2. The record before us is insufficient to reach the merits of Defendants' ineffective assistance of counsel claim. *See United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011). To the extent Defendants may have a colorable claim for ineffective assistance of counsel, they may pursue it in a petition for habeas corpus.

**AFFIRMED.**