**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30233 |
| Plaintiff - Appellee, | D.C. No. 1:14-cr-00104-PA |
| v. | |
| DENNIS WILLIAM LEE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted August 25, 2015[**]

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Dennis William Lee appeals from the district court's judgment and

challenges the 120-month sentence imposed following his guilty-plea conviction

for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

We dismiss.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lee contends that the district court erred by imposing a two-level adjustment for reckless endangerment during flight under U.S.S.G. § 3C1.2. The government argues that the appeal should be dismissed based on an appeal waiver contained in the plea agreement. We review de novo whether to enforce an appeal waiver. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). Contrary to Lee's contention, the parties' mutual mistake of law concerning whether he was subject to the Armed Career Criminal Act does not render the appeal waiver unenforceable. *See United States v. Transfiguracion*, 442 F.3d 1222, 1229 (9th Cir. 2006) ("The inability to rescind a plea agreement based on a mutual mistake of law applies to criminal defendants as well as to the government."). Further, the record on appeal is not sufficiently developed to evaluate whether Lee received ineffective assistance of trial counsel, nor was trial counsel's performance so inadequate that Lee was obviously denied his Sixth Amendment right to counsel. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011) (declining to consider a claim of ineffective assistance of counsel on direct appeal raised in response to the government's assertion of an appeal waiver). Accordingly, we dismiss this appeal in light of the valid appeal waiver. *See Watson*, 582 F.3d at 988.

**DISMISSED.**

14-30233