**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50248 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00011-SJO-1 |
| v. | |
| RAMON SULLIVAN ALVAREZ, AKA Ramon Salgado Alvarez, AKA Ray Alvarez, AKA Raymond Alvarez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted July 14, 2017
Pasadena, California

Before:  PREGERSON and WARDLAW, Circuit Judges, and CHEN,[**] District
Judge.

Ramon Alvarez, a former detective with the Los Angeles Police Department

("LAPD"), appeals his sentence—12 months of imprisonment plus six months of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward M. Chen, United States District Judge for the
Northern District of California, sitting by designation.

home confinement—for one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2). Alvarez was accused of stealing drug proceeds based, in part, on some $6,000 in cash found in his car on the day the proceeds were seized. He denied the theft, but later admitted lying about the source of the money found in his car, and pleaded guilty to the one false statement count. We have jurisdiction under 18 U.S.C. § 3742(a). We vacate Alvarez's sentence and remand for resentencing before a different district judge.

1.     The district court plainly erred by applying the substantial evidence standard of proof, rather than the heightened clear and convincing standard, in increasing Alvarez's offense level by nine on the basis of the uncharged theft. "Because [Alvarez] failed to object to the district court's application of the [substantial evidence] standard, we review for plain error." *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001); *see* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

"[T]he Due Process Clause requires the application of a clear and convincing evidence standard when an enhancement based upon uncharged conduct has an extremely disproportionate effect on the length of a defendant's sentence." *United States v. Valensia*, 222 F.3d 1173, 1182 (9th Cir. 2000). We determine whether a

sentencing factor has an extremely disproportionate effect under the totality of the circumstances test identified in *Valencia*. *United States v. Hymas*, 780 F.3d 1285, 1290 & n.2 (9th Cir. 2015).

Here, two of the six factors—whether the enhanced sentence departed from the sentencing guidelines by more than four levels, and whether the enhancement more than doubled the length of the initial sentence—indicate that the uncharged theft offense, used by the court to increase Alvarez's offense level by nine, had an "extremely disproportionate effect" on sentencing. In addition, the third factor, which assesses whether the facts offered in support of the enhancement create new offenses requiring separate punishment, is also satisfied here. The government's arguments to the contrary—that four of the increased levels should be disregarded, and that home confinement should not count towards the length of Alvarez's sentence—are unavailing.

2.      The district court's failure to apply the clear and convincing evidence standard affected Alvarez's substantial rights and undermined the fairness of the judicial proceeding. *See Johnson v. United States*, 520 U.S. 461, 467 (1997). The evidence at sentencing did not meet the clear and convincing evidence standard. The district court relied on statements made by LAPD Detective Todd Hankel in an unsworn police interview, to the effect that Hankel suspected Alvarez had taken

money from the drug proceeds based on a partial view of Alvarez's arm movement and his belief that he saw the money outlined in Alvarez's pocket. Hankel did not testify under oath at the sentencing hearing, and Alvarez had no opportunity to cross-examine him. Moreover, other record evidence casts doubt upon Hankel's statements, including potential impeachment evidence and repeated assertions both before and after the search by Martin Hernandez, from whom the money was seized, that he did not possess more than the $10,000 found in his lockbox. In addition, Hankel's own testimony indicates that it would have been difficult for Alvarez to count the money in the lockbox and leave exactly $10,000, *i.e.*, the amount claimed by Hernandez to be in the lockbox. Although there was some evidence that several minutes passed between the time Alvarez arrived at the Conex storage and the time that the money was first photographed, Hankel testified that he never left Alvarez alone; he only briefly turned away from Alvarez when the alleged theft took place; and another officer, Michelle Jong, was also in the storage unit.

Further, reliable evidence from the LAPD laboratory pointed to possible DNA cross-contamination. Even the government admitted in its sentencing papers that "partial uncertainty . . . exists with respect to the theft allegation," and that Hernandez's statements "do not confirm that a theft ever occurred." Under these

circumstances, we cannot say that the uncharged theft enhancement was supported by clear and convincing evidence.

3.      Alvarez's due process rights were violated because there was a risk that Alvarez was "chilled" as a result of the district court's statements that his sentence could be increased if he pursued the right to introduce exculpatory evidence. *Cf. Nulph v. Cook*, 333 F.3d. 1052, 1057 (9th Cir. 2003) (stating that due process "requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge[;] [o]therwise, the defendant will be chilled in the exercise of his right to challenge a conviction or sentence") (internal quotation marks and citation omitted).  At sentencing, the district court found Detective Hankel's police interview statements "compelling" evidence that Alvarez had stolen the money.  Defense counsel sought to introduce evidence impeaching Hankel's credibility and challenging his story.  But defense counsel chose not to proceed when the court indicated that it was "prepared to impose a sentence of one year plus home confinement," but that such a sentence would not be sufficient if the defense were to bring Hankel in for a hearing and the court still found his testimony "compelling."  This threat violated due process. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("To punish a person because

he has done what the law plainly allows him to do is a due process violation of the most basic sort . . . ."); *Nulph*, 333 F.3d at 1057.

However, because counsel failed to object and instead chose to acquiesce to the district court's warning, we review this claim for plain error only, and we conclude that Alvarez has not satisfied that standard.

4. We ordinarily do not entertain claims of ineffective assistance of counsel on direct appeal. *United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011). We decline to depart from our standard practice here, because this is not one of the "unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* at 1260.

5. Finally, Alvarez asks that this case be reassigned to a new district judge on remand. Reassignment is warranted here because the judge may "have substantial difficulty in putting out of his . . . mind previously expressed views or findings determined to be erroneous," making "reassignment . . . advisable to preserve the appearance of justice." *United States v. Rivera*, 682 F.3d 1223, 1237 (9th Cir. 2012) (citation omitted). We therefore instruct the Clerk of the United States District Court for the Central District of California to reassign this case to a

different district judge on remand.  On remand, the new district judge shall resentence Alvarez without the theft enhancement.

**VACATED, REMANDED, AND REASSIGNED.**