NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30018 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00049-BMM |
| v. | |
| QUADE SMITH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Quade Smith appeals from the district court's judgment and challenges the

121-month sentence imposed following his guilty-plea conviction for possession

with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1);

assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153(a) and

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

113(a)(6); and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we dismiss.

The government contends that Smith's appeal of his sentence is barred by the appeal waiver in the parties' plea agreement. Smith suggests that the waiver is unenforceable because his guilty plea was not knowing and voluntary, and because he received ineffective assistance of counsel. We review de novo whether a defendant has waived his right to appeal. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011).

The record does not support Smith's claim that his plea was not knowing and voluntary. Smith was advised in the plea agreement and at his change of plea hearing that one of the counts to which he was pleading guilty carried a mandatory minimum sentence of 120 months. Nothing in the plea agreement indicated that the government was required to seek a sentence below the mandatory minimum. In fact, the agreement provided that the government could recommend a sentence up to 150 months. To the extent Smith argues that the plea agreement led him to believe that he would be allowed to argue for a sentence below the mandatory minimum, the record reflects that he was given that opportunity. We decline to reach on direct appeal Smith's contention that his guilty plea resulted from ineffective assistance of counsel. *See United States v. Rahman*, 642 F.3d 1257,

2                                                                    17-30018

1259-60 (9th Cir. 2011).

Because the record shows that Smith's guilty plea was knowing and voluntary, and the appeal waiver encompasses Smith's challenge to his sentence, we dismiss. *See Harris*, 628 F.3d at 1205.

**DISMISSED**.