**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50405 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00283-JLS |
| v. | |
| SALVADOR GALVAN, a.k.a. Salvador Galvan, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted November 27, 2018[**]

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Salvador Galvan appeals from the district court's judgment and challenges

the 78-month sentence imposed following his guilty-plea conviction for theft from

an organization receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A),

based on his embezzlement of over $3.7 million dollars while serving as the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Deputy Treasurer for the City of Compton. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Galvan first argues that his trial counsel rendered ineffective assistance at sentencing. We decline to address Galvan's claim of ineffective assistance of counsel on direct appeal because the record is insufficiently developed and it is not obvious that Galvan was denied his Sixth Amendment right to counsel. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). This claim is better suited for review in a proceeding under 28 U.S.C. § 2255. *See id.* at 1260.

Galvan next argues that the district court procedurally erred by relying on the clearly erroneous finding that the residents of Compton were victims of his misconduct when imposing an upward variance of 21 months. Contrary to Galvan's contention, the district court did not find that all Compton residents were victims for purposes of an enhancement under U.S.S.G. § 2B1.1(b)(2). Instead, the district court accepted the uncontested Guidelines calculation set forth in the Presentence Investigation Report and then properly considered the broader impact of Galvan's conduct on the residents of Compton when assessing the 18 U.S.C. § 3553(a) sentencing factors as a whole. *See United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013) (sentencing court may conclude that the Guidelines do not sufficiently account for the harm caused by the defendant's conduct). Nor did the district court engage in "impermissible double counting"

2                                                                 17-50405

under the Guidelines when it considered the impact of Galvan's misconduct on the residents of Compton, the length of Galvan's embezzlement scheme, or the extent of Galvan's abuse of trust in connection with its analysis of the section 3553(a) sentencing factors. *See id.*

Galvan also argues that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 78-month sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the public impact of Galvan's misconduct, his repeated abuse of the public's trust, and his almost daily embezzlement of city money over the course of six years. *See id.*

We decline to consider Galvan's argument in reply regarding the effect of his wife's sentencing hearing on his ineffective assistance of counsel claim. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1105 n.9 (9th Cir. 2007).

**AFFIRMED.**