**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10439 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00115-TLN-5 |
| v. | |
| FRANK HER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 18, 2019[**]

Before:     CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Frank Her appeals from the district court's judgment and challenges the 78-month sentence imposed following his guilty-plea conviction for conspiracy to commit access device fraud, in violation of 18 U.S.C § 1029(b)(2), illegal possession of device-making equipment, in violation of 18 U.S.C § 1029(a)(4), and

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

possession of stolen mail, in violation of 18 U.S.C § 1708. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Her asserts that the first of his two appointed trial counsel provided ineffective assistance by advising him not to accept responsibility or show remorse for his offense prior to sentencing. Although we do not ordinarily review ineffective assistance claims on direct appeal, the facts in this case are sufficiently developed to permit us to reach and reject Her's argument. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). Even accepting Her's argument that his first trial counsel performed deficiently by advising him not to accept responsibility during the presentencing phase, the record shows that the district court granted Her a downward adjustment for acceptance of responsibility at sentencing and did not consider Her's earlier lack of remorse in imposing the sentence. Thus, Her cannot show that he was prejudiced by his first counsel's alleged errors. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

**AFFIRMED.**