NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-50020 |
| Plaintiff-Appellee, | D.C. No.
2:18-cr-00283-SJO-2 |
| v. | |
| SEAN LAMONT WYATT, AKA Bauer Herbert, AKA Tye Nelson, AKA Jonny Ward, AKA Robert Ward, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-50066 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-01307-PA-1 |
| v. | |
| SEAN LAMONT WYATT, AKA Bauer Herbert, AKA Tye Nelson, AKA Jonny Ward, AKA Robert Ward, | |
| Defendant-Appellant. | |

Appeal from the United States District Court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 6, 2020[**]
Pasadena, California

Before: BOGGS,[***] IKUTA, and CHRISTEN, Circuit Judges.

Sean Lamont Wyatt appeals his conviction and sentence on four counts related to identity theft and possession of unauthorized access devices.[1] Wyatt contends that the district court erred when it refused to admit certain hearsay statements made by his co-conspirator; that he was denied his right to effective counsel; and that his 48-month sentence was unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. At trial, the government introduced evidence proving that Wyatt had sent his co-conspirator, Chrystalyn House, several text messages containing the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] 18 U.S.C. § 1029(e) defines an "access device" as "any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument)." An "unauthorized access device" is "any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud." *Ibid.*

personal identifying information (PII) of at least six victims. As part of his defense, Wyatt attempted to introduce statements that House had made to an investigator for his public defender, in which House stated that she had used Wyatt's phone to send herself the PII without Wyatt's knowledge. The district court refused to admit the statements, holding that they were hearsay that did not fall under any exception.

We review a district court's construction of a hearsay rule de novo but review its exclusion of evidence under that rule for abuse of discretion. *United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007). Wyatt argues that House's statements fall under the exception for statements against interest. Fed. R. Evid. 804(b)(3). To qualify for the exception, a proponent must establish that: (1) the statement tended to subject the declarant to criminal liability such that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true; (2) the declarant is unavailable as a witness; and (3) there exist corroborating circumstances that clearly indicate the statement's trustworthiness. *Ibid.*; *see also United States v. Paguio*, 114 F.3d 928, 932 (9th Cir. 1997).

Wyatt failed to show that House was unavailable. An absence at trial must generally be coupled with an inability to compel attendance or an express claim of privilege. Fed. R. Evid. 804(a). Yet neither the government nor Wyatt's counsel subpoenaed House to compel her to testify. Wyatt argues that had House been subpoenaed, she would have invoked her Fifth Amendment privilege against self-

3

incrimination. But an invocation of privilege must be formally made before a judge and, absent this, a court cannot speculate as to whether that express claim would have been made. *See, e.g., United States v. Oropeza*, 564 F.2d 316, 325 n.8 (9th Cir. 1977). House was never compelled to testify, and so we do not know whether she would have invoked the privilege. Therefore, she was not unavailable for the purposes of the hearsay exception.

2.    Wyatt also contends that his trial counsel was ineffective because he failed to subpoena House. We decline to consider Wyatt's premature ineffective-assistance-of counsel claim. We generally do not review challenges to the effectiveness of defense counsel on direct appeal. *See, e.g., United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011). There is no reason to deviate from this rule, as the record is not yet fully developed. The record lacks any information that can be used to explain any of the decisions made by Wyatt's counsel, and thus the claim is better reserved for collateral review.

3.    Finally, Wyatt contends that his sentence was procedurally unreasonable. We review the district court's interpretation of the Sentencing Guidelines de novo, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error. *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010). The court accepted the Presentence Report's determination that Wyatt's loss amount for the fraud committed was $35,500. This

was based on the 71 unauthorized access devices (67 Social Security numbers and 4 credit cards) that were recovered from House's apartment. The Sentencing Guidelines note that when a fraud is the result of "jointly undertaken criminal activity," then the loss amount attributable to any individual defendant is based on all acts and omissions that were "within the scope" and "in furtherance" of that activity, and "reasonably foreseeable in connection with that criminal activity." USSG § 1B1.3(a)(1)(B).

Wyatt contends that most of the items recovered from House's apartment cannot be attributed to him. However, Wyatt could have reasonably foreseen that House might have possessed more than just the PII that he had shared with her. The text messages between Wyatt and House show that while it was mostly Wyatt sending to House the PII of victims, House would also occasionally send Wyatt PII for potential use. At one point, Wyatt also asked House to buy him jeans, and the conversation that followed suggests that he understood that House might purchase them fraudulently. The district court therefore correctly found—by a preponderance of the evidence—that the loss amount could be attributed to Wyatt. It did not abuse its discretion in sentencing Wyatt to a within-guidelines term of imprisonment based on this information.

**AFFIRMED**.