**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50173 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00606-RGK-1 |
| v. | |
| MICHAEL RAMBO RESENDIZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 4, 2020**
Pasadena, California

Before: LIPEZ,*** RAWLINSON, and N.R. SMITH, Circuit Judges.

Defendant Michael Rambo Resendiz appeals his conviction and sentence for

being a felon in possession of a firearm and ammunition in violation of 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

§ 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we dismiss this appeal.

1. Resendiz challenges for the first time on appeal the district court's denial of his motion to suppress on the grounds that: (1) the physical evidence and his incriminating statements were fruits of an arrest that lacked probable cause; and (2) his incriminating statements were procured in violation of his *Miranda* rights. However, Resendiz entered into a conditional plea agreement that reserved the right to appeal the denial of his suppression motion only on the grounds raised in the district court. *See United States v. Bynum*, 362 F.3d 574, 583–84 (9th Cir. 2004). Consequently, Resendiz waived the right to appeal the denial of his motion on these additional grounds raised for the first time on appeal. *Id.*

2. Resendiz argues that his waiver of the right to appeal was not made knowingly and voluntarily, because of the ineffective assistance of his trial counsel. We do not generally review claims of ineffective assistance of counsel on direct appeal, unless "(1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011). Neither exception applies in this case.

Accordingly, this appeal is **DISMISSED.**