NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50061 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:17-cr-00782-JFW-1 |
| SERGIO AVALOS, AKA Gilbert Avalos, AKA Happy, AKA Smiley, AKA Little Smiley, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted July 8, 2020
Pasadena, California

Before: BALDOCK,** BERZON, and COLLINS, Circuit Judges.

Sergio Avalos asks this Court to reverse the denial of his motion to withdraw

his guilty plea to conspiracy to distribute and to possess with intent to distribute

methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and to possession

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Avalos argues the district court erred in finding that he entered the plea voluntarily and in finding that he failed to demonstrate a fair and just reason to withdraw his plea. We affirm.

1. "We review de novo a district court's finding as to whether a plea is knowing and voluntary" and "review for clear error any factual findings the district court made in deciding the motion." *United States v. Seng Chen Yong*, 926 F.3d 582, 589 (9th Cir. 2019) (citations omitted). "A plea is voluntary if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Id.* at 590 (citation omitted). Courts look to "the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) (citation omitted).

Avalos knowingly entered the plea agreement. As to the provision precluding him from requesting a sentence of less than 240 months, the plea agreement plainly stated that Avalos would be obligated "[n]ot [to] seek, argue for, or suggest in any way, either orally or in writing, a sentence of less than 240 months' imprisonment." While Avalos avers that he was unaware at the time he signed the plea agreement of the limitation on his ability to request certain sentences, the declarations of his attorneys that they explained this specific

provision to him, Avalos's signature and certification that he had read and understood the plea agreement and voluntarily agreed to its terms, and his attestations in open court to that effect, amply support the district court's factual conclusion that he had been apprised of this provision in detail before he agreed to it. Avalos's agreement to the 240-month provision was therefore knowing.

As to the mandatory minimum, the plea agreement expressly stated that Avalos faced a ten-year mandatory minimum sentence for the first charge to which he pleaded and a five-year mandatory minimum sentence "which must run consecutive to any other sentence of imprisonment" for the second. Although the plea agreement did not state the *total* mandatory minimum sentence of 15 years, the sworn declarations of both of Avalos's attorneys indicate they adequately explained this provision to Avalos prior to entering the plea agreement. It was not clear error for the district court to credit the attorneys' testimony over Avalos's, particularly given the corroborating evidence in the plain language of the agreement, and in Avalos's written and oral declarations that he understood the mandatory minimum sentence under the plea agreement. *See United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003).

Moreover, the record does not establish that Avalos's plea was coerced. Avalos had ample time to review the agreement, including weeks within which to discuss the initial plea agreement with his counsel and several days within which to

3

review the revised version before the plea hearing. *See Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007). Furthermore, the court's accurate statements at the hearing on February 12, 2018 regarding Avalos's sentencing exposure, and tentative discussion of Avalos's potential motions to suppress evidence, do not render the plea coerced.

2. This Court "will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face," including waivers of the right to appeal. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). "[A] waiver of appellate rights 'is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *U.S. v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016) (citations omitted). This Court has "consistently read general waivers of the right to appeal to cover all appeals, even an appeal from the denial of a motion to withdraw a guilty plea." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).

Avalos's plea agreement set forth the waiver of appellate rights in plain language, stating that "with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which

4

defendant is pleading guilty." While the plea agreement's waiver of appeal on a collateral attack contains an exception for a "post-conviction collateral attack based on . . . an explicitly retroactive change in the applicable Sentencing Guidelines [or] sentencing statutes," the waiver of appeal of a conviction contains no such exception. Because Avalos knowingly and voluntarily pleaded guilty, the waiver of appellate rights prevents this Court from reaching on direct appeal Avalos's arguments that he had a fair and just reason to withdraw his plea, including his claim that he is entitled to be resentenced under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).[1]

**AFFIRMED.**

---

[1] We therefore express no opinion as to whether he could succeed on that claim if raised in a collateral proceeding.