NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30205 |
| Plaintiff-Appellee, | D.C. Nos. 4:18-cr-06054-EFS-1 4:18-cr-06054-EFS |
| v. | |
| SAMI ANWAR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted March 10, 2022**
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Sami Anwar appeals his convictions for 47 federal criminal counts, including

for wire and mail fraud. Anwar argues that he received ineffective assistance of

counsel and that the district court erred in calculating the loss created by his conduct.

We have jurisdiction under 28 U.S.C. § 1291. We affirm Anwar's conviction and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sentence.

1.     We decline to address the merits of Anwar's ineffective assistance claim on direct appeal. We review ineffective assistance claims on direct appeal only "(1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate based on the existing record that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Mayweather*, 634 F.3d 498, 507 (9th Cir. 2010) (simplified).

Anwar fails to show either an obvious denial of the right to counsel or a sufficiently developed record. First, Anwar's counsel made objections, cross-examined certain witnesses, and called witnesses on behalf of Anwar. Anwar presents no evidence that there was an "obvious" denial of his right to counsel. *See United States v. Liu*, 731 F.3d 982, 998 (9th Cir. 2013) (finding ineffective assistance when counsel failed to raise an "obvious" defense that created "unquestionabl[e] prejudice[]"). Nor is the record on appeal sufficiently developed to permit determination of his claim. For example, Anwar argues that his lawyer was "actively working to ensure his conviction." But without additional supporting evidence, the current record is insufficient to permit such a determination.

While we decline to address Anwar's claim of ineffective assistance of counsel on direct appeal, we do so without prejudice to his assertion of such a claim

2

on collateral review. *See United States v. Rahman*, 642 F.3d 1257, 1260 (9th Cir. 2011).

2.      We affirm the district court's calculation of Anwar's sentence.  Under the Sentencing Guidelines, the district court was required to calculate the loss created by Anwar's conduct.  U.S.S.G. § 2B1.1 Cmnt. N. 3(A) (loss is calculated based on "the greater of actual loss or intended loss").  While this court ordinarily reviews sentence enhancements that have "an extremely disproportionate effect on the sentence" for clear and convincing evidence, when the determination is based on charged conduct for which the defendant was convicted, the decision is reviewed under the preponderance of the evidence standard.  *See United States v. Garro*, 517 F.3d 1163, 1168–69 (9th Cir. 2008) (citation omitted).  Even under the clear and convincing standard, the district court "need not make its loss calculation with absolute precision; rather, it need only make a reasonable estimate of the loss based on the available information."  *United States v. Zolp*, 479 F.3d 715, 719 (9th Cir. 2007).[1]

Here, the district court looked to the total revenue received by Anwar's companies from 2014 to 2017 to calculate loss at more than $5.6 million.  At trial, the government put forward evidence that none of the companies' research studies

---

[1] We do not address the precise standard of review in this case as we agree with the district court that the government's evidence satisfied both standards.

were legitimate because they were not overseen by proper medical officials. The government also introduced evidence showing that the research studies were the companies' only source of revenue. The district court's decision to use the companies' total revenue to calculate loss was thus supported by the evidence at trial.

The district court also properly applied the approach set out in the Sentencing Guidelines. The Guidelines provide that "[i]n a case involving a scheme in which . . . services were fraudulently rendered to the victim by persons falsely posing as licensed professionals . . . loss shall include the amount paid for the [services] . . . rendered, or misrepresented." U.S.S.G. § 2B1.1 Cmnt. N. 3 (F)(v). Thus, the district court's calculation of loss based on the total revenue received by Anwar's companies was the proper approach under the Guidelines.

For these reasons, the district court was well within its authority to use the total revenue received by Anwar's companies to calculate a "reasonable estimate of the loss." *Zolp*, 479 F.3d at 719.

**AFFIRMED**.