**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30082 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00154-RMP-1 |
| v. | |
| JEREMY JOHN GILBERT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Jeremy John Gilbert appeals from the district court's judgment and

challenges his guilty-plea conviction and 187-month sentence for possession with

intent to distribute 50 grams or more of methamphetamine, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(B)(viii).  We have jurisdiction under 28 U.S.C. § 1291,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we dismiss.

Gilbert contends that he received ineffective assistance of counsel because his counsel induced him to plead guilty by providing inaccurate information regarding the sentence he would receive. We agree with the government that this claim is not amenable to review on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011) (holding that ineffective assistance of counsel claims may be considered on direct appeal "only in the unusual cases where (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel"). We further agree with the government that Gilbert otherwise waived his right to appeal his sentence. We, therefore, dismiss the appeal. *See id.* at 1260.

**DISMISSED.**

22-30082