NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM RONALD BLACKMAN,

Defendant - Appellant.

No. 23-1885

D.C. No.
4:22-cr-00048-BMM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted August 19, 2024[**]
Portland, Oregon

Before: CHRISTEN and NGUYEN, Circuit Judges, and EZRA, District Judge.[***]

Defendant William Blackman argues that the district court erred by

deferring its ruling on his motion for acquittal and that he received ineffective

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

assistance of counsel during trial.  Because the parties are familiar with the facts, we do not recount them here.  We review motions for acquittal and claims of ineffective assistance of counsel de novo.  *United States v. Gonzalez*, 528 F.3d 1207, 1211 (9th Cir. 2008); *United States v. Quintero-Barraza*, 78 F.3d 1344, 1347 (9th Cir. 1995).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      We first conclude that the district court did not err by deferring its ruling on Blackman's motion for acquittal.  To determine whether evidence is sufficient to support a criminal conviction, we first view the evidence in the light most favorable to the prosecution, and then assess whether this evidence "is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (alteration in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Here, the evidence was sufficient to support Blackman's conviction on all three counts.

On count 1, the attempted sexual abuse charge, 18 U.S.C. § 2242, Jane testified that Blackman pulled her pants down and was "poking" her.  Jamie testified that she saw Blackman standing between Jane's legs, and that he had his hands in his waistband and her pants were down.  This testimony unequivocally establishes that the offense would have "take[n] place" if it was not "interrupted by independent circumstances."  *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1102 (9th

Cir. 2011) (quoting *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) (per curiam)).

Both counts 2 and 3 charged completed acts of sexual abuse, 18 U.S.C. § 2242. On count 2, Jane testified that Blackman walked up behind her and put his finger inside of her, and that he later performed oral sex on her. On count 3, Jane testified that she was awakened with Blackman inside of her. Blackman argues that no rational trier of fact could believe that an extremely intoxicated 15-year-old girl could have possibly remembered the events at issue, and that there were no corroborating witnesses. But the jury heard Jane's testimony about her level of intoxication and was entitled to credit her testimony.

2. We next address Blackman's argument that his trial counsel was ineffective. "As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." *United States v. Liu*, 731 F.3d 982, 995 (9th Cir. 2013). "The only exceptions are when 'the record on appeal is sufficiently developed to permit determination of the issue,' or 'the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.'" *Id.* (quoting *United States v. Rahman*, 642 F.3d 1257, 1260 (9th Cir. 2011)). Here, we lack the necessary record to review Blackman's ineffective assistance of counsel claim. For example, the record does not show how Blackman's counsel would respond to Blackman's arguments. Nor does it shed

any light on the strategies Blackman's counsel may or may not have considered.

**AFFIRMED.**