**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10144 |
| Plaintiff-Appellee, | D.C. No. 1:12-cr-00324-LJO |
| v. | |
| EDGAR CORRAL GONZALEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Edgar Corral Gonzalez appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez argues that the district court improperly imposed sentence based

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

on its earlier promise that it would impose the statutory maximum term if he violated supervised release, rather than making an individualized sentencing determination that took account of Gonzalez's allocution, evidence of post-sentencing rehabilitation, and other mitigating factors. Gonzalez also contends that the district court's purported predetermination of his sentence revealed impartiality and bias that required the court's recusal under 28 U.S.C. § 455 and the Due Process Clause. Because Gonzalez raises these claims for the first time on appeal, we review for plain error. *See United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010).

The record reflects that the district court considered Gonzalez's mitigating arguments and the 18 U.S.C. § 3583(e) factors before imposing sentence. Though the district court referred to its earlier promise that any violation of supervised release would result in imposition of the maximum term, the record shows that the court also selected the 24-month sentence in light of Gonzalez's poor performance on supervision and the need to protect the public. On this record, we find no plain error in the district court's imposition of sentence or failure to recuse itself.

Gonzalez also argues that he received ineffective assistance of counsel when his attorney failed to move to withdraw his admission to the supervised release violations and for the district judge's recusal after learning that the court intended to impose the statutory maximum term. Contrary to Gonzalez's contention, the

17-10144

record does not permit us to consider this claim on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

Gonzalez's unopposed request to take judicial notice of state court records is granted.

**AFFIRMED.**