NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50317 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00338-SJO-16 |
| DERREK JONES, a.k.a. Dirty D, a.k.a. Derek Jones, a.k.a. Derek Tugwell Jones, a.k.a. Derrek G. Jones, a.k.a. Derrek Gene Jones, a.k.a. Derrick Jones, a.k.a. Derek Tugwell, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted November 27, 2018[**]

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Derrek Jones appeals from the district court's judgment and challenges his

guilty-plea convictions and concurrent 180-month sentences for racketeer

influenced and corrupt organizations conspiracy, in violation of 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 1962(d) and 1963(a); conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846; and distribution of controlled substances in or near a school, in violation of 21 U.S.C. § 860. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Jones's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Jones the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Jones waived his right to appeal his convictions, with the exception of an appeal based on a claim that his pleas were involuntary. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to the voluntariness of Jones's pleas. We therefore affirm as to that issue and dismiss the remainder of the appeal of his convictions.

Jones also waived the right to appeal most aspects of his sentence. We dismiss Jones's sentencing appeal as to those aspects of his sentence that are covered by the waiver and affirm as to all other issues except as to the three supervised release conditions, standard conditions five, six, and fourteen, which were held to be unconstitutionally vague after the district court sentenced Jones. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied*, 2018 WL 2726034 (U.S. Oct. 1, 2018) (No. 17-9208); *see also United States v. Watson*,

17-50317

582 F.3d 974, 977 (9th Cir. 2009) (an appeal waiver does not bar a constitutional challenge to a supervised release condition). We remand for the district court to modify these conditions consistent with our opinion in *Evans*.

We decline to address on direct appeal Jones's pro se claim of ineffective assistance of counsel, which was referenced in the notice of appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part; REMANDED with instructions.**

17-50317