NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50125 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00475-MWF |
| v. | |
| UGO CHIJIOKE, a.k.a. Eugene Akabueze, a.k.a. Ugo Okorie Chijioke, a.k.a. Olde English, a.k.a. Paulims Ezengo, a.k.a. Kenneth Mails, a.k.a. Kenneth E. Nails, a.k.a. Kenneth Everett Nails, a.k.a. Ugochukwu John Okore, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted January 15, 2019**

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Ugo Chijioke appeals from the district court's judgment and challenges his

guilty-plea conviction and 30-month sentence for conspiracy to commit bank

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

fraud, in violation of 18 U.S.C. § 1349. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Chijioke's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Chijioke has filed a pro se supplemental brief. The government has moved to dismiss the appeal.

Chijioke waived his right to appeal his conviction, with the exception of an appeal based on a claim that his plea was involuntary. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to the voluntariness of Chijioke's plea. We therefore affirm as to that issue and dismiss the remainder of the appeal of his conviction.

Chijioke also waived his right to appeal his sentence, including the amount and terms of any restitution order, provided it did not exceed $1,000,000. We therefore **GRANT** the government's opposed motion to dismiss Chijioke's sentencing appeal, with the exception of three supervised release conditions— standard conditions five, six, and fourteen—which are unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018); *see also United States v. Watson*, 582 F.3d 974, 977 (9th Cir. 2009) (an appeal waiver does not bar a constitutional challenge to a supervised release condition). We remand for the district court to modify these conditions consistent with our opinion in *Evans*.

We decline to address on direct appeal Chijioke's pro se claim of ineffective assistance of counsel. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part; REMANDED with instructions.**