**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10249 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00124-LJO-SKO-1 |
| v. | |
| JOSUE MERCADO-REYES, AKA Jose Mercado Reyes, AKA Samuel Ortiz Frausto, AKA Samual Ortiz Ortiz, AKA Antonio Solorio-Reyes, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Josue Mercado-Reyes appeals from the district court's judgment and

challenges the 77-month sentence imposed following his guilty-plea conviction for

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We dismiss.

Mercado-Reyes argues that the district court erred by imposing a 16-level enhancement to his base offense level under U.S.S.G. § 2L1.2(b)(1)(A) (2014). The government contends that this appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). The language of the appeal waiver in Mercado-Reyes's plea agreement unambiguously encompasses the claim raised in this appeal. *See id*. at 986. Contrary to his contention, Mercado-Reyes's sentence is not illegal. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) ("A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution."). Moreover, we decline to consider on direct appeal Mercado-Reyes's claim that his counsel was ineffective. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). Accordingly, we dismiss pursuant to the valid appeal waiver. *See id.* at 1260.

**DISMISSED.**