**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50287 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-02008-LAB-1 |
| v. | |
| ISAI URIEL REYNAGA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Isai Uriel Reynaga appeals from the district court's judgment and challenges the 30-month sentence and 3 conditions of supervised release imposed upon his guilty-plea conviction for bringing in aliens without presentation and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

Reynaga first asserts that his trial counsel was ineffective by failing to advocate meaningfully for a favorable sentence. "As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011). Neither exception to this general rule applies here. *See id*. at 1259-60. In particular, the record here is not sufficiently developed as to "what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009). Reynaga may raise this claim in a 28 U.S.C. § 2255 proceeding. *See United States v. McGowan*, 668 F.3d 601, 606 (9th Cir. 2012).

The government concedes, and we agree, that standard supervised release conditions 4, 5, and 13 in the written judgment are unconstitutionally vague, *see United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018), and that condition 4, which requires Reynaga to "support his . . . dependents," should be stricken because Reynaga has no dependents. On remand, the district court should strike condition 4 and modify conditions 5 and 13 consistent with *Evans*.

Reynaga's unopposed requests to take judicial notice are granted.

**AFFIRMED in part; VACATED and REMANDED in part.**

18-50287