NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>FANY MADRIGAL-LOPEZ, AKA Fanny Madrigal-Lopez,<br><br>    Defendant-Appellant. | No.    18-10401<br><br>D.C. No. 2:17-cr-01110-DLR-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted May 21, 2019**

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Fany Madrigal-Lopez appeals from the district court's judgment and

challenges her guilty-plea convictions and concurrent 144-month sentences for

conspiracy to possess with intent to distribute and to distribute a controlled

substance, and distribution of a controlled substance resulting in death, in violation

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(2), and 846.  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Madrigal-Lopez's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record.  We have provided Madrigal-Lopez the opportunity to file a pro se supplemental brief.  No pro se supplemental brief or answering brief has been filed.

Madrigal-Lopez waived her right to appeal her conviction and sentence.  Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver.  *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).  We therefore dismiss the appeal.  S*ee id.* at 988.

However, the waiver cannot be applied to an unconstitutional supervised release condition.  *See Watson*, 582 F.3d at 977.  Standard condition eight, which prohibits Madrigal-Lopez from knowingly communicating or interacting with an individual who has been convicted of a felony without first obtaining the permission of the probation officer, infringes on Madrigal-Lopez's "fundamental right to familial association" with her children who have been convicted of felony offenses, and thus implicates a "particularly significant liberty interest."  *United States v. Wolf Child*, 699 F.3d 1082, 1087 (9th Cir. 2012).  The district court did not "follow an enhanced procedural requirement to make special findings on the

record supported by evidence in the record, that the condition is necessary for deterrence, protection of the public, or rehabilitation, and that it involves no greater deprivation of liberty than reasonably necessary." *Id.* We remand for the district court to make the findings necessary to justify this condition as required by *Wolf Child* or to reimpose the condition without making the necessary findings by providing an exception for Madrigal-Lopez's children.

To the extent that Madrigal-Lopez's pro se notice of appeal raises a claim of ineffective assistance of counsel, we decline to address this claim on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED; REMANDED with instructions.**