**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50097 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00529-FMO-1 |
| v. | |
| EDDIS DAVENPORT, AKA E, AKA Bruce Allen Massey, AKA Cornyn McKinney, AKA Corwyn McKinney, AKA Kelvin Middleton, AKA Bruce Moss, AKA Michael Wise, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Eddis Davenport appeals from the district court's judgment and challenges

his guilty-plea convictions and aggregate 67-month sentence for conspiracy to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

commit bank fraud and aggravated identity theft, in violation of 18 U.S.C. §§ 1349, 1028A, respectively. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Davenport's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Davenport has filed a pro se supplemental brief. The government has moved to dismiss the appeal, which Davenport has opposed.

Davenport waived his right to appeal his convictions, with the exception of an appeal based on a claim that his pleas were involuntary. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to the voluntariness of Davenport's pleas. We therefore affirm as to that issue and dismiss the remainder of the appeal of his convictions.

Davenport also waived his right to appeal most aspects of his sentence, provided the aggregate sentence did not exceed 71 months. We therefore **GRANT**, in part, the government's motion to dismiss Davenport's sentencing appeal. We affirm as to those conditions of supervision that fall outside the scope of the appellate waiver and remand for the district court to modify standard conditions five, six, and fourteen, which are unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018); *see also United States v. Watson*, 582 F.3d 974, 977 (9th Cir. 2009) (an

appeal waiver does not bar a constitutional challenge to a supervised release condition).

Davenport's pro se supplemental brief contends that the factual basis for his guilty plea did not support a conviction for aggravated identity theft, and his sentence was unreasonable because the guideline offense level was arbitrary and his criminal history was overstated. These contentions fall within the scope of the enforceable appellate waiver and, in any event, are without merit. Further, we decline to address on direct appeal Davenport's pro se claim of ineffective assistance of trial counsel. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part; REMANDED with instructions.**