**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-10171 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 17−cr−00114−LRH−CBC−1 |
| DEVENDRA PATEL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, United States District Judge, Presiding.

Submitted May 11, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and FRIEDLAND and BENNETT, Circuit
Judges.

Defendant Dr. Devendra Patel pled guilty to one count of distribution of a

controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Patel was

sentenced to 37 months in prison and fined $500,000. He appeals his sentence. We

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm.[1]

1.     Patel claims the government breached the plea agreement, but he did not raise this claim below. We ordinarily review for plain error claims not raised before the district court. *See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir. 2000). But even assuming without deciding that Patel is entitled to de novo review, *United States v. Plascencia-Orozco*, 852 F.3d 910, 916 (9th Cir. 2017) (noting we have applied de novo and clear error review for plea agreements), we conclude that the government did not breach the plea agreement.

Patel complains that the government improperly advocated for a vulnerable victim enhancement. But here, the United States Attorney's Office, the entity bound by the plea agreement, never advocated for a vulnerable victim enhancement. And, the record does not show that the United States Attorney's Office "was in any way responsible for encouraging the probation officer to include a higher offense level recommendation than was contained in the plea agreement, or that [the prosecutor] induced the district court to pursue [the higher] recommendation." *United States v. Allen*, 434 F.3d 1166, 1175 (9th Cir. 2006). The plea agreement expressly authorized the parties to "provide additional information" about Patel's criminal conduct to the Probation Office and the district court, which

---

[1] We reject Patel's request to expand the record on appeal, and we only consider the documents in the record before the district court. Fed. R. App. P. 10(a); *see also United States v. Walter-Eze*, 869 F.3d 891, 907 n.3 (9th Cir. 2017).

the FBI did. *See United States v. Mondragon*, 228 F.3d 978, 980 (9th Cir. 2000)

("A plea agreement is a contract; the government is held to the literal terms of the

agreement."). And the government does not violate a plea agreement when a

prosecutor presents a witness on the district court's request and the district court

asks the questions, nor can Patel argue that the FBI agent "should not have

answered the district court's questions."[2] *Allen*, 434 F.3d at 1175.

**2.**     We generally "do not review challenges to the effectiveness of defense

counsel on direct appeal" except under narrow circumstances. *United States v.*

*Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (quotation omitted). The two

exceptions are "unusual cases where (1) the record on appeal is sufficiently

developed to permit determination of the issue, or (2) the legal representation is so

inadequate that it obviously denies a defendant his Sixth Amendment right to

counsel." *Id.* at 1260. These exceptions do not apply here. Accordingly, we decline

to review Patel's claim of ineffective assistance of counsel.[3]

**3.**     We review the district court's interpretation of the Sentencing Guidelines de

novo, its factual findings for clear error, and its application of the Sentencing

Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*,

---

[2] The FBI agent did not volunteer any information about the sentencing enhancement until the district court specifically asked.

[3] Our decision not to review this challenge is without prejudice to Patel's right to raise an ineffective assistance claim "in a subsequent collateral attack." *Rahman*, 642 F.3d at 1260.

852 F.3d 1167, 1170-71 (9th Cir. 2017) (en banc).

The district court did not clearly err in finding that Patel prescribed opioids to Whitaker because it can rely on hearsay evidence if there is "some minimal indicia of reliability." *United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006) (quotation omitted). Gentry was a percipient witness and had no reason to lie. *See United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998). Her statement thus had indicia of reliability.

Nor did the district court abuse its discretion in concluding the vulnerable victim enhancement applied based on its factual findings. *See United States v. Haggard*, 41 F.3d 1320, 1326 (9th Cir. 1994) (the court may consider "all harm" caused by the defendant to an individual even if that harm was "not an element of . . . the crime[] of which [defendant] was convicted . . . ."). Here the district court considered not just the harm from the opioid prescription but also associated harm from the stress test and Patel's statement that part of Whitaker's heart was "dead." The district court's conclusion was supported by the record.

Finally, the district court made no factual findings about the total number of medically unnecessary stress tests, and also never found Patel responsible for patient deaths. Rather, the district court noted for the record that the number of patient deaths would not impact any of its rulings. *See* Fed. R. Crim. P. 32(i)(3)(B).

**4.**     Patel's sentence is substantively reasonable. Reviewing for abuse of

4

discretion, we will "reverse only if the [district] court applied an incorrect legal rule or if the sentence was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1043-44 (9th Cir. 2017) (en banc) (citation and quotation marks omitted). The district court properly considered the 18 U.S.C. § 3553(a) factors, and adequately explained the sentence it selected. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (listing examples of procedural errors). The district court properly balanced the factors, including Patel's lack of criminal history and the seriousness of his crime, and discussed the sentencing factors it found significant. The district court listened to the parties' sentencing disparity arguments and "must have believed that there was not much more to say" about Patel's request for probation. *Id.* at 995 (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)). And the district court was not "*required* to sentence at a variance with the sentencing guidelines." *Martinez-Lopez*, 864 F.3d at 1044 (quotations omitted).

Finally, the district court did not abuse its discretion by imposing a $500,000 fine. This amount was well within the indicated Sentencing Guidelines range, and the district court could consider all relevant conduct when determining the proper sentence. *See* U.S. Sentencing Guidelines Manual § 1B1.3 (U.S. Sentencing Comm'n 2018).

5

**AFFIRMED.**