**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10077 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00226-GMN-PAL-1 |
| v. | |
| JOHNNY MOORE, AKA John Moore, Jr., AKA Steve, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted June 2, 2020**

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Johnny Moore appeals from the district court's judgment and challenges his

guilty-plea conviction and 36-month sentence for interstate travel in aid of

unlawful activity, in violation of 18 U.S.C. § 1952(a)(3)(A).  Pursuant to *Anders v.*

*California*, 386 U.S. 738 (1967), Moore's counsel has filed a brief stating that

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

there are no grounds for relief, along with a motion to withdraw as counsel of record. After striking Moore's pro se supplemental opening brief, we provided him an opportunity to file a new pro se brief, which he has not done. No answering brief has been filed.

Moore waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver, except that the waiver is unenforceable as to the restitution order because Moore was not provided with any estimate of the restitution amount in his plea agreement. *See United States v. Tsosie*, 639 F.3d 1213, 1217-18 (9th Cir. 2011). Nonetheless, our independent review of the record discloses no arguable grounds for relief as to the uncontested restitution order. We accordingly affirm the restitution order. We dismiss the remainder of the appeal in light of the valid appeal waiver. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

In trial counsel's motion to withdraw as counsel on appeal, which this court previously granted, she indicated that Moore wished to appeal on the ground that she provided ineffective assistance by failing to advise him of the possibility that he would be required to register as a sex offender. Assuming trial counsel's assertion is correct, such a claim cannot be addressed on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

18-10077

Counsel's motion to withdraw is **GRANTED.**

Within 7 days after the date of this disposition, former counsel must serve this disposition on Moore individually and provide this court with proof of such service.

**AFFIRMED in part; DISMISSED in part.**