**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10441 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-08061-JJT-1 |
| v. | |
| ANDREW CHRISTIAN OROZCO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John J. Tuchi, District Judge, Presiding

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Andrew Christian Orozco appeals from the district court's judgment and

challenges his guilty-plea conviction and 97-month sentence, to be followed by a

lifetime term of supervision, imposed for assault by strangulation or suffocation, in

violation of 18 U.S.C. §§ 113(a)(8) and 1153, and sexual abuse of a minor, in

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. §§ 1153, 2243(a), and 2246. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Orozco's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Orozco has filed a pro se supplemental opening brief. No answering brief has been filed.

Orozco waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). Orozco's pro se argument that he should have received a lower custodial sentence and term of supervised release is barred by the waiver. In any event, his sentence is consistent with the stipulations in the binding plea agreement. Furthermore, the prosecutor did not engage in misconduct by discussing at sentencing the dismissed charges. *See* U.S.S.G. § 1B1.3; *United States v. Watts*, 519 U.S. 148, 152-54 (1997) (per curiam). We do not reach on direct appeal Orozco's claim that his trial counsel provided ineffective assistance. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). We accordingly dismiss the appeal. *See Watson*, 582 F.3d at 988.

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED.**

19-10441