**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUN 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABDIRAHMAN KHEYRE,

Defendant - Appellant.

No. 23-1425

D.C. No.
3:22-cr-02313-RSH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Submitted May 29, 2024[**]

Before:    FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Abdirahman Kheyre appeals from the district court's judgment and

challenges the 180-month sentence imposed following his guilty-plea convictions

for distribution of fentanyl and possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(B).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

After appointed counsel filed a brief stating that he found no meritorious issues for review under *Anders v. California*, 386 U.S. 738 (1967), we issued an order identifying two potentially arguable issues for appeal.

The parties have now filed a joint motion to vacate and remand, which we grant. We vacate the standard supervised release conditions included in the written judgment and remand for the limited purpose of permitting the district court to orally pronounce any standard conditions it wishes to impose after giving Kheyre an opportunity to object. *See United States v. Montoya*, 82 F.4th 640, 656 (9th Cir. 2023) (en banc). We also vacate special conditions 1 and 2 and remand for the district court to "clarify the scope of authority delegated to the probation officer" if it elects to reimpose these conditions. *See United States v. Nishida*, 53 F.4th 1144, 1155 (9th Cir. 2022).

We decline to address on direct appeal Kheyre's pro se claim of ineffective assistance of counsel. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011) (ineffective assistance of counsel claims are generally not considered on direct appeal).

As to all other issues, including the remaining issues raised in Kheyre's pro se supplemental submissions, we affirm.

**AFFIRMED in part; VACATED in part; and REMANDED.**